Adam Garson (Bar No. 240440)
adam.garson@garsongutierrez.com
**GARSON & GUTIERREZ, PC**
600 B Street, Suite 300
San Diego, CA  92101
Telephone: (619) 343-3984

*Attorneys for Plaintiff*
*Scientific Plastic Products, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCIENTIFIC PLASTIC PRODUCTS, INC.,<br><br>                                    Plaintiff,<br><br>v.<br><br>MTC BIO, INCORPORATED and DOES 1 to 10,<br><br>                                    Defendants. | Case No.:  **'23CV0606 JES  NLS**<br><br>**COMPLAINT FOR (1) TRADEMARK INFRINGEMENT, (2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN, (3) FEDERAL TRADE DRESS INFRINGEMENT, (4) STATE COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, AND (5) CALIFORNIA BUSINESS & PROFESSIONS CODE §17200**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff SCIENTIFIC PLASTIC PRODUCTS, INC. ("Plaintiff" or "SPP"), for its Complaint, alleges as follows:

1

1.      This Complaint includes claims for trademark infringement under 15 U.S.C. § 1051 *et seq.*; for unfair competition and false designation of origin, Federal trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); and for common law trademark infringement and state law unfair competition. This Court has jurisdiction over these claims pursuant to 15 U.S.C. § 1121; 28 U.S.C. § 1331, 1332(a), and § 1338(a) and (b); and 28 U.S.C. § 1367.

2.      Plaintiff SCIENTIFIC PLASTIC PRODUCTS, INC. is a limited liability company organized and existing under the laws of the state of California with its principal place of business in San Diego, California. Plaintiff is a leading supplier of equipment used cell growth, purification and analysis for the pharmaceutical, biotech, environmental/food, toxicology/forensics, and contract manufacturing industries in the U.S. and worldwide.

3.      Plaintiff is informed and believes, and on that basis alleges, that Defendant MTC BIO, INC. ("Defendant" or "MTC") is a New Jersey corporation with its principal place of business in Sayreville, New Jersey.

4.      Plaintiff is further informed and believes, and on that basis alleges, that Defendant has engaged in the acts alleged in this Complaint in this judicial district at least by offering to sell, selling and/or advertising the accused products in such a way as to reach customers in California and this judicial district. Plaintiff is further informed and belies that Defendant has solicited and conducted business over the Internet, through its website in this judicial district, www.mtcbiotech.com, and through other means in this judicial district.

5.      The Court has personal jurisdiction over Defendant because, among other things, it transacts business in this District, at least by offering to sell, selling and/or advertising the accused products in such a way as to reach customers in California and this judicial district, including through the Internet via its website (*e.g.*, www.mtcbiotech.com). Defendant has specifically committed acts of infringement in this judicial district.

2

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

7. Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10, inclusive and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their names and capacities when they have been ascertained.

8. On information and belief, each of the fictitiously named Defendants is at all relevant times responsible in some manner for the occurrences alleged in this Complaint. Their alleged acts and/or omissions are a direct and proximate cause of the injuries sustained by Plaintiff.

9. Plaintiff is informed and believes, and on that basis alleges, that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint ventures and employees of all other Defendants, and all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy and/or enterprise, and with the express and/or implied permission, knowledge, consent, authorization, and ratification of their co-Defendants.

10. Plaintiff owns and has standing to sue for infringement of the trademarks associated with its products, including common law trademarks, trade dress and U.S. Trademark Registration No. 4,157,375 (collectively, "Plaintiff's Trademarks").

![OptimumGrowth logo]

11. On or about March 24, 2011, Plaintiff developed the following stylized mark for OptimumGrowth:

12. On or about March 24, 2011, Plaintiff began manufacturing, *inter alia*, plastic containers such as Erlenmeyer flasks that bear this mark. On or about March 24, 2011, Plaintiff received its first order from a customer for products on which this mark was

1  displayed. On or about March 24, 2011, Plaintiff first shipped plastic containers bearing this mark to its customer and also started accepting orders on its website located at, *e.g.*, htslabs.com/og.

13. On October 12, 2011, Plaintiff filed a trademark application with the USPTO which was assigned Application Serial Number 85/445,893 for the stylized mark OPTIMUMGROWTH. Subsequently, this Application registered on the Principal Register on June 12, 2012 under the Act of 1946 and was assigned Registration Number 4,157,375 in connection with IC 009. US 021 023 026 036 038. G & S: *Plastic containers for biological materials for research and laboratory use and for commercial production of cell cultures* with a date of first use of March 24, 2011 and date of first use in commerce of March 24, 2011. (The "OPTIMUMGROWTH Trademark.") (A copy of the registration is attached hereto and marked as Exhibit 1). Said registration is now outstanding and valid.

14. The OPTIMUMGROWTH Trademark is in full force and effect.

15. The validity of the registered mark and of the registration of the OPTIMUMGROWTH Trademark, Registrant's/Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use said registered mark in commerce for the above-mentioned goods are incontestable under 15 U.S.C. § 1065, and 15 U.S.C. § 1115(b), as Plaintiff has filed the required documents with the U.S. Patent and Trademark Office.

16. Continuously since on or about March 24, 2011 Plaintiff has used Plaintiff's Trademarks to identify its, *inter alia*, plastic container products and to distinguish its products from those made and sold by others, by, among other things, prominently displaying Plaintiff's Trademarks on the goods. In addition, Plaintiff has prominently displayed said mark on its advertising materials and on its website where such goods are sold.

17. For example, certain plastic container products sold by Plaintiff appear substantially as follows:



18.     The distinctive O Design on Plantiff's products constitutes Plaintiff's trade dress (the "O Design"). As a result of its unique design and Plaintiff's extensive sales and promotion of its products, the O Design became closely associated with Plaintiff. Customers now identify Plaintiff as the source of plastic with the O Design as shown below.



19. The distinctive handle design on Plaintiff's products constitutes Plaintiff's trade dress (the "Handle Design"). As a result of its unique design and Plaintiff's extensive sales and promotion of its products, the Handle Design became closely associated with Plaintiff. Customers now identify Plaintiff as the source of plastic with the Handle Design as shown below.



20. Plaintiff's O Design and/or Handle Design may be referred to herein collectively as "Plaintiff's Trade Dress."

21. Long after Plaintiff's adoption and use of the Plaintiff's Trademarks, and long after Plaintiff's federal registration of the OPTIMUMGROWTH Trademark on plastic containers, Defendant commenced manufacturing, distributing, advertising, selling and offering for sale its own line of plastic containers, including without limitation, products such as Defendant's models F4086 and F4087 (an example of which is shown below) bearing infringement of the Plaintiff's Trademarks ("Defendant's Infringing Goods").

\\\\\

\\\\\



## COUNT I

## TRADEMARK INFRINGEMENT

22. Plaintiff incorporates all prior allegations as if set forth fully herein.

23. This Court has jurisdiction over the subject matter of this claim, this being a claim of trademark infringement arising under the Trademark Laws of the United States as codified in 15 U.S.C. § 1051 *et seq*.

24. Defendant is manufacturing, distributing, advertising, selling and/or offering for sale its Infringing Goods into this judicial district and throughout the United States.

25. Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional infringement of the Plaintiff's Trademarks. Defendant's use of the Plaintiff's Trademarks is without Plaintiff's consent, is likely to cause confusion and mistake in the minds of purchasers, and creates the false impression that Defendant and/or Defendant's Infringing Goods are authorized, sponsored, or approved by Plaintiff.

26. Plaintiff's Trademarks are fanciful and arbitrary and are associated in the mind of the public exclusively with Plaintiff.

27. Based on Plaintiff's extensive advertising, sales, and the wide popularity of the Plaintiff's products, Plaintiff's Trademarks have acquired secondary meaning so that any product and advertisement bearing such trademark is immediately associated by the purchaser and the public as being a product of, and affiliated with, Plaintiff.

28. Defendant has copied and imitated the Plaintiff's Trademarks in connection with selling, distributing, and advertising Defendant's Infringing Goods.

29. Defendant's activities set forth herein constitute use in commerce of Plaintiff's Trademarks.

30. Defendant has used Plaintiff's Trademarks without Plaintiff's consent or authorization. Defendant's use, including the sale and distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the minds of the public, leading the public falsely to believe that Defendant's Infringing Goods emanate or originate from Plaintiff, or falsely to believe that Plaintiff has approved, sponsored, or otherwise associated themselves with Defendant.

31. Defendant has intentionally used Plaintiff's Trademarks in connection with its offering for sale, sale, and distribution of goods associated therewith knowing that such trademarks are Plaintiff's exclusive property.

32. Defendant's conduct is intended to exploit the goodwill and reputation associated with the Plaintiff's Trademarks.

33. Defendant engages in the aforementioned activity with the intent to confuse and deceive consumers into believing that Defendant, and the goods it sells, are in some way sponsored by, or affiliated with, or associated with Plaintiff when Defendant is not.

34. Defendant's unauthorized use of Plaintiff's Trademarks as set forth herein has resulted in Defendant unfairly benefiting from Plaintiff's advertising and promotion, and profiting from Plaintiff's reputation and their registered trademarks, to the substantial and

irreparable injury of the public, Plaintiff, Plaintiff's Trademarks, and the substantial goodwill represented thereby.

35. Defendant's aforesaid acts constitute trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

36. Defendant's acts have caused, and will continue to cause, great and irreparable injury to Plaintiff, and unless such acts are restrained by this Court, Defendant will continue such acts, thereby causing Plaintiff to continue to suffer great and irreparable injury.

37. Plaintiff is informed and believe and thereupon allege that Defendant's infringement is both intentional and egregious.

38. Plaintiff have no adequate remedy at law and are suffering irreparable harm and damage as a result of the aforesaid acts of Defendant in an amount to be determined at trial.

## COUNT II

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

39. Plaintiff incorporates all prior allegations as if set forth fully herein.

40. This Court has jurisdiction over the subject matter of this claim, this being a claim of unfair competition and false designation of origin arising under section 43(i) of the Lanham Act, codified in 15 U.S.C. § 1125(a).

41. Defendant is fully aware of the popularity of Plaintiff's product line and the clear association of the overall visual impression of Plaintiff's products with Plaintiff. Defendant intentionally copied and offered in interstate commerce plastic containers that create the same overall visual effect and appearance as the family of plastic containers in Plaintiff's product line. Defendant's Infringing Goods were designed to have the same distinctive overall appearance and look as Plaintiff's products and are confusingly similar in total image, appearance, and overall aesthetic look. As a result, the public is, and is likely to be, confused.

42. Defendant has used in commerce, and continues to use in commerce, Plaintiff's Trademarks to unfairly benefit from Plaintiff's success by selling the same products bearing strikingly similar markings in this jurisdiction.

43. Defendant could have selected a different design to go on the side of its plastic containers or different handle shapes.

44. Defendant has used Plaintiff's Trademarks on its infringing goods with the express intent to pass off Defendant's Infringing Goods as those of Plaintiff and to cause confusion and mistake, and to deceive and mislead the purchasing public into believing that Defendant's products and/or Defendant is authorized, sponsored, affiliated with, or associated with Plaintiff, and to trade upon Plaintiff's reputation for high-quality and to improperly appropriate to themselves Plaintiff's valuable trademark rights.

45. Defendant has sold products using Plaintiff's Trademarks.

46. Sales of Defendant's Infringing Products are likely to cause consumer confusion because of the similarity in appearance and look between Defendant's and Plaintiff's products. Consumers will believe that Defendant's products are either manufactured, licensed, affiliated with or sponsored by Plaintiff or are being placed on the market with Plaintiff's consent and/or actual or implied authority. As a result, Plaintiff has been and will continue to be irreparably injured by Defendant's improper acts.

47. Defendant has willfully, deliberately, and with predatory intent, created such confusion by copying and reproducing the distinctive and unique design and overall product appearance of Plaintiff's plastic containers; and has advertised and sold, and threaten to advertise and sell, its products so as to cause public confusion and deception. Further, Defendant's sales and offers for sale of their products have caused and threaten to cause Plaintiff the loss of its valuable goodwill and reputations for making and selling distinctive, unique and high-quality plastic container products under the its marks and design.

48. Defendant's aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendant's products as those of Plaintiff in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

49. Defendant's wrongful acts will continue unless enjoined by this Court.

50. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendant in an amount to be determined at trial

## COUNT III

## FEDERAL TRADE DRESS INFRINGEMENT

51. Plaintiff incorporates all prior allegations as if set forth fully herein.

52. This Court has jurisdiction over the subject matter of this claim, this being a claim of trade dress infringement arising under section 43(ii) of the Lanham Act, codified in 15 U.S.C. § 1125(a).

53. This claim is for trade dress infringement of the non-descriptive, non-functional aspects of Plaintiff's selection, design, and marketing efforts for its plastic containers.

54. Plaintiff has expended considerable time, effort and resources to design and develop the unique and inherently distinctive appearance of its entire line of plastic containers. Plaintiff's Trade Dress has been featured prominently in Plaintiff's advertisements and promotions for its products and has become an indication of a single, high-quality source for those products in the minds of the relevant purchasing public. As a result, this non-descriptive, non-functional trade dress is a valuable, irreplaceable asset of Plaintiff's business.

55. Defendant's selection and use of substantially similar graphics, looks and appearances for its plastic container products is likely to mislead and confuse the public as to the source, sponsorship and/or affiliation of Defendant's Infringing Goods. Because of the

nearly identical look of Defendant's Infringing Goods to Plaintiff's non-descriptive, non-functional trade dress associated with Plaintiff's products, the public is likely to believe that Defendant's products are in some way affiliated or associated with, or sponsored by, Plaintiff.

56. Defendant's actions have been and are willful and deliberate.

57. Defendant's wrongful acts will continue unless enjoined by this Court.

58. Plaintiff has suffered, and will continue to suffer, substantial and irreparable harm and damage as a result of Defendant's infringement of Plaintiff's Trade Dress, in an amount to be determined at trial.

## COUNT IV
## STATE COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

59. Plaintiff incorporates all prior allegations as if set forth fully herein.

60. This claim arises under the common law of this State relating to trademark infringement and unfair competition. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

61. Plaintiff is the owners of all right, title, and interest in and to Plaintiff's Trademarks, trade names, designs, symbols, trade dress and logos used by Plaintiff by virtue of its extensive manufacture and sale of products bearing such trade names, trademarks, designs, symbols, and logos (collectively, Plaintiff's "common law trademarks") as set forth in the preceding paragraphs of this Complaint.

62. The infringing products imported, advertised, distributed, offered for sale and sold by Defendant incorporate matter constituting replicas and imitations of Plaintiff's common law trademarks. Such unauthorized use by Defendant of Plaintiff's common law trademarks constitutes trademark infringement and unfair competition, and is likely to

cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers to believe such products are authentic products of Plaintiff when, in fact, they are not.

63. Upon information and belief, Defendant has willfully and intentionally misappropriated one or more of Plaintiff's common law trademarks with the intent of causing confusion, mistake, and deception as to the source of its goods and with the intent to palm off its goods as those of Plaintiff and to place others in the position to palm off its goods as those of Plaintiff, and as such, Defendant has committed trademark infringement and unfair competition under the common law.

64. By such actions in infringing Plaintiff's common law trademarks, Defendant is improperly trading upon the enviable reputation and goodwill of Plaintiff and impairing Plaintiff's valuable rights in and to such trademarks.

65. Plaintiff is informed and believe and thereupon allege that Defendant committed the above alleged acts in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of California.

66. Plaintiff has no adequate remedy at law. The conduct of Defendant has caused and, if not enjoined, will continue to cause, irreparable damage to Plaintiff's rights in and to its trademarks, and to Plaintiff's businesses, reputations, and goodwill.

## COUNT V

## CALIFORNIA BUSINESS & PROFESSIONS CODE §17200

67. Plaintiff incorporates all prior allegations as if set forth fully herein.

68. The above-described wrongful conduct of Defendant constitutes unlawful, unfair and/or fraudulent business acts or practices under California Business and Professions Code Section 17200 *et seq*.

69. Plaintiff is entitled to the restitutionary disgorgement of profits earned by Defendant as a direct and proximate result Defendant's unlawful and/or unfair business acts or practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment as follows:

1. For a preliminary and permanent injunction prohibiting Defendant, its officers, agents, directors, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant from using the mark or any other mark that is confusingly similar to Plaintiff's Trademarks.

2. That Plaintiff be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of Defendant's unlawful acts, including Plaintiff's loss of goodwill, loss of past and/or future sales, and damages caused by Defendant's acts of trademark and trade dress infringement, common law trademark infringement, and unfair competition, as well as for State common law trademark infringement, trademark dilution and unfair competition. That Plaintiff be awarded increased damages based upon the intentional and willful nature of Defendant's conduct of the kind complained of herein. That Plaintiff be awarded all profits received by Defendant from the sale of products identified or advertised through the use of identical or confusingly similar designations and colors.

3. That the Court issue an order requiring Defendant to pay to Plaintiffs such damages as Plaintiffs have sustained as a consequence of each Defendant's infringement of Plaintiff's Trademarks and unfair competition and to account for all gains, profits, and advantages derived by Defendant from the sale of its infringing merchandise bearing Plaintiff's Trademarks and that the award to Plaintiff be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Plaintiff be awarded statutory damages pursuant to 15

U.S.C. § 1117(c) of up to $2,000,000 for each trademark that Defendant has willfully counterfeited and infringed.

    4.    For monetary relief, including actual damages under the Lanham Act and the common law, Defendant's profits under the Lanham Act and common law, and punitive damages according to proof at trial.

    5.    That the present case be found exceptional and that attorneys' fees be awarded to Plaintiff under the Lanham Act or as otherwise provided by law.

    6.    That Defendant be ordered to pay to Plaintiff pre-judgment and post-judgment interest on all sums allowed by law.

    7.    That Defendant be ordered to pay to Plaintiff its costs incurred in this action.

    8.    That Defendant be ordered to deliver up for destruction all advertisements, circulars, brochures, unsold inventory, and any other items in its possession, custody or control bearing Plaintiff's Trademarks or any other similar designations.

    9.    That Defendant be ordered to (a) prepare and send to its customers and the general public corrective statements approved by Plaintiff, correcting all false statements made and all misrepresentations made concerning the Plaintiff's Trademarks; (b) to disclaim any association between Defendant and Plaintiff and/or Plaintiff's products; and, (c) to recall and make reasonable efforts to obtain the return of any infringing or confusingly similar products from its customers.

    10.    That Plaintiff has such other and further relief as this Court may deem just and proper.

\\\\\

\\\\\

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: April 5, 2023

Respectfully submitted,

GARSON & GUTIERREZ, PC

*/s/ Adam. S. Garson*
Adam S. Garson
adam.garson@garsongutierrez.com
*Attorneys for Plaintiff*
*Scientific Plastic Products, Inc.*